**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JAVAUNTAY FORCEY,<br>Plaintiff<br><br>vs.<br><br>TEXAS EZPAWN, LP, TEXAS EZPAWN MANAGEMENT, INC., AND EZCORP, INC.<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:15-cv-0056-SS_____ |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff JAVAUNTAY FORCEY ("Plaintiff") files this his First Amended Complaint, complaining of Defendant TEXAS EZPAWN, LP, TEXAS EZPAWN MANAGEMENT, INC., and EZCORP, INC. (collectively referred to herein as "Defendants"), and in support hereof states as follows:

**I. PARTIES**

1. JaVauntay Forcey is an individual residing in Travis County, Texas.

2. Texas EZPawn, LP is a Texas limited partnership formed under the laws of the State of Texas, who may be served with citation by serving its registered agent, C T Corporation System, at its office located at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

3. Texas EZPawn Management, Inc., is a Delaware corporation, and is the general partner of Texas EZPawn, LP. Texas EZPawn Management, Inc., may be served with citation by serving its registered agent, C T Corporation System, at its office located at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas.

4. EZCORP, Inc., is a Delaware corporation and affiliate or parent company of the other Defendants, who may be served with citation by serving its registered agent, C T Corporation System, at its office located at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states, and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court under 28 §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## III. BACKGROUND FACTS

7. Plaintiff is a young African-American male who was employed by Defendants in November 2013 as a debt collector. Defendants are payday and automobile title lenders with operations in Texas and who employ more than 500 employees.

8. Plaintiff was hired by Defendants in November 2013. His immediate supervisor while employed by Defendants was Joshua Cole ("Cole").

9. Plaintiff is a young African-American male.

10. Plaintiff worked at Defendants' offices located at 2028 E. Saint Elmo, Austin, Texas 78744. He shared working space with several other individuals who are also engaged in collecting debt on behalf of Defendants. Although individuals have their own working areas, the common area is open so that employee conversations are heard by everyone in the room. Plaintiff shared workspace with other employees named Ebonie, Una, Lawrencia, Fabian, Anthony, KaRhenda, and Mykel (last names unknown) (these

persons and other peers in the department are collectively referred herein as Plaintiff's "co-workers").

11. Soon after Plaintiff began his employment with Defendant, Plaintiff was subjected to a sexually hostile work environment, largely due to the statements and actions of Cole and Plaintiff's co-workers. The co-workers regularly made statements and engaged in conduct that was intended to insult, demean and harass Plaintiff because of his gender, including making derogatory comments about Plaintiff's feminine attire and effeminate manner of speech and actions. By way of example and not exclusion, Plaintiff was continually harassed by his co-workers because he carried a purse. Although all of the female employees carried purses, the female employees were never ridiculed or harassed for doing so. The co-workers singled out Plaintiff on a daily basis, in addition to constantly commenting on his attire, referred to him as "Skittles," a reference to the Rainbow Pride flag representing the diversity of the lesbian, gay, bi-sexual and transgender community, making statements with sexual innuendos about gay males, and giving him aggressive glares behind his back. The co-workers used every possible opportunity to undermine Plaintiff professionally and personally in their systematic efforts to break him down.

12. When Plaintiff reported the discriminatory behavior and hostile work environment to Cole, Cole refused to take any corrective action against the co-workers. Before and after Plaintiff reported the discrimination and hostile work environment, Cole would participate in the harassment by laughing or would take no action to stop the hostile and discriminatory behavior. Cole sent Plaintiff home several times for alleged dress code violations, such as wearing shorts, even though Cole and other employees of Defendants wore shorts to work.

13. On July 14, 2014, during an office move, Cole assisted moving all of Plaintiff's co-workers and ensured that their computer and telephone systems were moved correctly and operational so they could continue to perform their job functions. However, Cole did not move Plaintiff and instructed Plaintiff to move himself. Cole refused, when asked, to offer an explanation for this discriminatory action.

14. Plaintiff called Defendants' discrimination hotline and left a message. On July 15, 2014, Plaintiff filed a complaint of hostile work environment and discrimination against Cole and his co-workers with the human resources department of Defendants.

15. A few days after filing his complaint of discrimination and hostile work environment, Cole called Plaintiff three minutes after his scheduled arrival time and said, "You're late." Cole had never called Plaintiff before when he was a few minutes late and did not call Plaintiff's co-workers when they arrived late for work. Plaintiff believes this telephone call was made in retaliation for his complaint and was intended to intimidate Plaintiff for having made the complaint.

16. Defendants regularly held award assemblies where performance awards were announced and given to Defendants' employees for reaching their employer-set goals. Before Plaintiff filed his complaint and after he filed his complaint, Cole routinely overlooked Plaintiff for performance awards even though his performance was as good or better than his co-workers. Cole purposefully refused to print out an award certificate for Plaintiff with the intention of embarrassing and humiliating him in front of his co-workers in retaliation for having filed a discrimination complaint.

17. On July 23, 2014, the HR representative that was assigned to investigate Plaintiff's discrimination complaint commented that Plaintiff should resign his employment from Defendants. So far as Plaintiff is aware, the Human Resources Department took no action to correct or stop the discriminatory conduct.

18. Within a few days after filing his complaint, Cole made public statements in the presence of Plaintiff that Cole could no longer laugh at funny statements because Plaintiff had complained.

19. On or about July 28, 2014, Leigh Ann Lindsey ("Lindsey"), who Plaintiff understood to be the CEO but is lists her position on LinkedIn as a Vice President of EZCORP, Inc., specifically excluded Plaintiff from a company meeting. Upon learning that Plaintiff would not be off work for another 30 minutes, Lindsey purposely postponed the meeting. Plaintiff was never informed as to the subject of the meeting. Afterwards, however, his co-workers began making indirect comments in his presence such as "don't be a baby" and comments about sexual acts that Plaintiff found offensive. The co-workers escalated their comments about the sexual orientation of individuals, knowing that Plaintiff was the only gay male in the department. Cole singled Plaintiff out by calling him into his office and telling Plaintiff that his work was substandard even though it was as good or better than his co-workers'.

20. Plaintiff was paid $12 per hour. On information and belief, his co-workers were paid $17 to $18 per hour with new hires being paid a minimum of $14 per hour. Plaintiff was paid less than the other co-workers because of his sex.

21. On August 5, 2014, Plaintiff filed a Charge of Discrimination with the Austin Equal Employment/Fair Housing Office.

22. Despite filing formal complaints, the harassment continued, resulting in severe physical and mental anguish to Plaintiff, i.e. he began experiencing insomnia, waking often in the middle of the night with worry about his job, headaches, clinching and grinding of his teeth during sleep, anxiety, stress and nervousness at work and elsewhere.

23. Unable to continue working in the hostile environment created by Cole and the co-workers' continuing conduct and the Human Resource Department's refusal to take corrective or disciplinary action against them, Plaintiff resigned from his position on or about October 10, 2014.

24. Plaintiff belongs to a protected class, was subjected to harassment based upon his sex that affected a term, condition or privilege of employment, of which Defendants had notice but failed to take prompt remedial action. The sexual and other harassment to which Plaintiff was subjected created a hostile work environment, because of his sex, with conditions so intolerable that Plaintiff was forced to resign.

25. At all times relevant hereto, Cole and Plaintiff's co-workers, and others identified herein as owners, officers, or employees of Defendants were acting within the course and scope of their employment by Defendants.

26. All conditions precedent to the filing of this lawsuit have occurred.

## IV. CAUSES OF ACTION

### First Cause of Action: Violations of TCHRA.

27. Plaintiff brings this lawsuit pursuant to the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.051 for unlawful discrimination by Defendants by subjecting him to harassment based on his sex and sexual harassment.

28. Plaintiff further alleges that Defendants retaliated against him for filing a complaint and a charge of discrimination in violation of TEX. LAB. CODE ANN. § 21.055.

29. Plaintiff further alleges that Defendants, jointly and severally, aided, abetted, incited or coerced Plaintiff's co-workers to engage in a discriminatory practice.

**Second Cause of Action: Violations of Title VII**

30. Alternatively, Plaintiff alleges that Defendants' conduct as described above violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* for unlawful employment discrimination on the basis of sex and for retaliation for exercising his rights under this statute.

31. After review of the state or local fair employment practices agency that investigated this charge, the U.S. Equal Employment Opportunity Commission issued its right-to-sue letter and Plaintiff has filed this suit within 90 days of his receipt of the notice. A copy of the notice is attached hereto as Exhibit A.

## V. DAMAGES

32. Defendants' conduct was intentional and was the proximate cause of injuries and damages to Plaintiff for lost health benefits, physical and emotional pain and suffering, inconvenience, loss of enjoyment of life, and incidental and consequential damages.

33. Plaintiff is entitled to recover actual monetary damages in the amount of $150,000.00, including his damages for mental anguish, which amount is within this Court's jurisdictional amount.

34. Plaintiff requests that the finder of fact award punitive damages in his favor and against Defendants in an amount that will deter similarly situated employers from engaging in discriminatory and retaliatory conduct.

35. As a result of Defendants' conduct, Plaintiff has been required to retain the undersigned attorneys to institute this suit on his behalf and he seeks recovery of his reasonable and customary attorneys' fees from Defendants and expert witness fees.

36. Plaintiff requests the imposition of a permanent injunction against Defendants pursuant to TEX. LABOR CODE ANN. § 21.258.

37. Plaintiff reserves the right to any and all damages as may become evident during discovery or any other proceeding in this cause.

WHEREFORE, Plaintiff prays that on final hearing Plaintiff have and recover judgment of and from Defendants, jointly and severally, for his compensatory damages, for costs of court, attorney's fees, pre-judgment and post-judgment interest as may be allowed by law, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

The Haney Law Firm
808 West 10th Street, Suite 100
Austin, TX 78701
Telephone: (512) 476-2212
Facsimile: (512) 476-2202

By: Caitlin Haney
Susan J. Haney
State Bar No. 08908550
Caitlin Haney
State Bar No. 24087661
susan@thehaneylawfirm.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the July 1, 2015, I served a true and correct copy of the foregoing via the Courts CM/ECF system:

Tanya D. DeMent
Jason S. Boulette
BOULETTE GOLDEN & MARIN L.L.P.
2801 Via Fortuna, Suite 530
Austin, Texas 78746
(512) 732-8900 Telephone

ATTORNEYS FOR DEFENDANT

By: */s/ Caitlin Haney*_____________
Caitlin Haney